UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| John Wilson Small, Jr., | § | |
|     Debtor, | § | Case No. 07-80596-G3-7 |
| | § | (Chapter 7) |
| John W. Small, Jr., | § | |
|     Plaintiff, | § | |
| | § | Adv. No. 09-8015 |
| VS. | § | |
| | § | |
| Murriah Small McMaster and | § | |
| John R. Nichols, | § | Civil Action No. 3-11-cv-28 |
|     Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

The case presents an appeal by the appellants, Murriah Small McMaster and her attorney, John R. Nichols, from a Final Judgment entered by a Bankruptcy Court in behalf of the appellee, John Wilson Small, Jr. in an adversary proceeding that arises out of appellee's Chapter 7 bankruptcy, Case No. 07-80596-G3-7.  The Court has reviewed the enormous collection of documents brought forward by the appellants as well as the briefs of both the appellants and the appellee and determines that the relief sought from the Judgment by the appellants should be denied.

**II.   FACTUAL AND PROCEDURAL HISTORY**

The appellee commenced a relationship with McMaster in 1991 that was later, in 2005, determined by a jury to constitute a common law marriage between McMaster and the appellee.  McMaster filed a petition for divorce in 2004, claiming marriage to the

appellee and sought a division of what she claimed was community property under Texas law.

On July 19, 2005, the appellee filed his Chapter 7 petition for bankruptcy in Case No. 05-81975-G3-7. The undisputed facts show that within two days, McMaster moved to lift the automatic stay that was entered by operation of law. *See* 11 U.S.C.§362(a)(1). The stay was lifted by the court and McMaster proceeded with her divorce suit. On November 1, 2005, the state court, where the divorce proceeding was pending, entered a temporary spousal support order in behalf of McMaster directing the appellee to pay $4,000 per month. Shortly thereafter, on January 31, 2006, the appellee's Chapter 7 bankruptcy case was dismissed.

On November 8, 2007, nearly two years later, the appellee filed a second Chapter 7 bankruptcy petition under Case No. 07-80596-G3-7.  Again, a stay was entered. However, on or about February 15, 2008, the Bankruptcy Court entered an order partially lifting the automatic stay. The order lifting the stay permitted the state court to (a) enter judgment based on the October 2007, trial consistent with the evidence and jury verdict; (2) enter a divorce between the appellee and McMaster; (3) determine the amount of any future spousal support owed by the appellee to McMaster so long as the support is paid from the appellee's future earnings and not property of the bankruptcy estate; (4) determine the amount of any monetary damages claim held by McMaster against appellee; (5) enter any other order(s) against any non-debtor parties; and, (6) allocate the community estate between the appellee and McMaster.

On October 31, 2008, the state court determined after a hearing, and based on McMaster's motion to enforce the court's April 20, 2006 order, that the appellee had

2

failed to pay spousal support and was in arrears $124,000 from April 1, 2006, through October 1, 2008. The state court also found that the appellee had failed to pay $20,000, in spousal support arrears that had been previously ordered on April 20, 2006. The court held appellee in contempt, ordered him confined for 179 days, but probated confinement for one (1) year provided that the appellee pay the $124,000 in arrears in four installments of $31,000 each with the final payment due on or before March 2, 2009.

The appellee took an appeal from the state court's contempt order. After a rehearing, the state court of appeals determined that the state court's October 31, 2008, contempt order was void because it violated the automatic stay that was in place and exceeded the Bankruptcy Court's February 15, 2008, order that partially lifted the stay. As a result, and on remand, on September 1, 2009, the state court vacated its order for contempt and entered a money judgment against the appellee.

### III.  THE APPELLEE'S ADVERSARY SUIT

The appellee commenced this adversary proceeding [Case No.09-8015] claiming that he has suffered damages as a result of McMaster and her attorney's state court petition for contempt. The Bankruptcy Court received evidence on a variety of issues from the appellee and the appellants and determined that:

> Beginning on October 13, 2008, the firm [representing the appellee (in the appeal of his contempt)] billed $825.00 in fees and $1,220.86 in expenses for the remainder of October, 2008, $17,075.00 in fees and 4819.75 in expenses for November, 2008, $4,475.00 in fees and $203.39 in expenses for December, 2008, $11,312.58 in fees and $587.58 in expenses for February, 2009, and $5,200.00 in fees and $388.98 in expenses for March, 2009, for a total of $42,108.36, in defending the October 10, 2008 motion for contempt and prosecuting the mandamus proceeding.

Pursuant to these findings and other relevant and related findings, the Bankruptcy Court concluded that McMaster and Nichols, her attorney, had intentionally violated the automatic stay that was in place as a result of the appellee's bankruptcy case, and that the two should answer jointly and severally for the appellee's attorneys' fees and costs [$350.00] in the total amount of $42,358.36.

## IV.  THE APPELLANTS' POINTS OF ERROR

In eleven points of error, the appellants make the following contentions concerning the Bankruptcy Court's findings of fact and conclusions of law:

Issue No. 1: Whether the Bankruptcy Court erred or clearly erred in not deferring to the State Divorce Court Proceedings, jury verdict and orders, and the abstention doctrine applied.

Issue No. 2: Whether the Bankruptcy Court erred or clearly erred in failing to apply the doctrines of collateral estoppel, issue preclusion, and *res judicata* for the State Divorce Court proceedings.

Issue No. 3: Whether the Debtor had standing to bring the Adversary proceeding, in whole or in part.

Issue No. 4: Whether the Bankruptcy Court's denial of the Defendants' Motion to Dismiss was an abuse of discretion and error or clear error.

Issue No. 5: Whether the Bankruptcy Court abused its discretion and erred or clearly erred in its Judgment and Memorandum Opinion, entered November 23, 2010.

Issue No. 6: Whether the Bankruptcy Court abused its discretion and erred or clearly erred in its Findings of Fact and Conclusions of Law in its November 23, 2010, Memorandum Opinion, carried into its November 23, 2010, Final Judgment.

Issue No. 7: Whether the Bankruptcy Court's Judgment granting Plaintiff/Appellee's Judgment, holding that Murriah McMaster and John F. Nichols, Sr., violated the stay and awarded damages to Plaintiff, was not supported by the evidence, an abuse of discretion and error or clear error.

    Issue No. 8:    Whether the Bankruptcy Court's Judgment granting Plaintiff/Appellee's Judgment in the sum of $42,358.36 against Murriah McMaster and John F. Nichols, Sr., jointly and severally, was an abuse of discretion and error or clear error.

    Issue No. 9:    Whether the Bankruptcy Court's Judgment granting Plaintiff/Appellee's Judgment in the sum of $42,358.36 against Murriah McMaster and John F. Nichols, Sr., jointly and severally was not based on proper evidence and contrary to Federal standards for the award of attorneys fees, was error or clear error.

    Issue No. 10:    Whether the criminal contempt proceedings and adjudication in the State Divorce proceedings, were not subject to the Bankruptcy Stay.

    Issue No. 11:    Whether the Bankruptcy Court abused its discretion and erred or clearly erred in denying Murriah McMaster and John F. Nichols' Motion for Rehearing.

## V. STANDARD OF REVIEW

The appellants correctly state the proper standard for appellate review in this case. The Court, therefore paraphrases and adopts same here. When reviewing a bankruptcy court's decision, a district court functions as an appellate court and applies the standard of review generally applied in federal court appeal a bankruptcy court's factual determinations are generally subject to the "clearly erroneous" standard of review. *See* Fed. R. Bankr. P. 8013, *Matter of McDaniel*, 70 F.3d 841, 842-843 (5th Cir., 1995); *Matter of U.S. Abatement Corp.*, 79 F.3d 393, 397 (5th Cir. 1996); *Matter of Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992); *In re U.S. Bass Corp.*, 171 F.3d 1016, 1021 (5th Cir. 1999); *In re Holder*, 376 B.R. 802, 807 (S.D.Tex. 2007). A finding of fact is clearly erroneous if, after review of all the evidence the reviewing court is left with a firm and definite conviction that the bankruptcy court erred and a mistake has been made. *Matter of McDaniel*, 70 F.3d at 843; *Matter of Rubarts*, 896 F.2d 107, 113 (5th Cir., 1990); *In re A & M Operating Co., Inc.*, 182 B.R. 997 (E.D. Tex. 1995).

However, when a finding of fact is premised on an improper legal standard, that finding loses the insulation of the clearly erroneous rule. *See Matter of Transamerican Natural Gas Corp.*, 978 F.2d 1409, 1415, note 5, (5th Cir., 1992); *Matter of Fabricators, Inc.*, 926 F.2d 1458, 1464 (5th Cir., 1991). A bankruptcy court's conclusions of law are reviewed *de novo*. *See Id. at* 1469; *Matter of Herby's Foods, Inc.*, 2 F.3d 128, 130-131, (5th Cir., 1993); *see also Matter of U.S. Abatement*, 79 F.3d 393, 397 (5th Cir., 1996); *Matter of Kennard*, 970 F.2d 1455, 1457-58 (5th Cir. 1992).

## VI.  ANALYSIS AND DISCUSSION

Although the appellants have set forth eleven points of error, the Court has before it essentially two issues: (a) whether the Bankruptcy Court committed error in its findings of fact and conclusions of law; and (b) whether the doctrines of collateral estoppel, issue preclusion and *res judicata* bar the Bankruptcy Court from making its own finding of fact even in the face of the state court's judgment in the divorce proceeding.

The appellant's contentions that the doctrine of abstention, collateral estoppel and *res judicata* forecloses re-litigating McMaster's fifth motion to enforce the state court's support award are frivolous and an attempt to circumvent state and federal law and relitigate the issues. It is undisputed that the state court of appeals set aside the state trial court's order for civil contempt because it was void. The justices made it clear in their opinion that the state court's order to enforce compliance and satisfy its judgment is a civil, not a criminal, proceeding. Therefore, the order is subject to 11 U.S.C. §362(a)(1) and (b), the automatic stay.

The fact that the state judge labeled the contempt proceeding as "criminal contempt" did not alter the substance of the proceeding. Therefore, the state court order,

while ordering confinement, made confinement conditional. *See Ex Parte Johns*, 807 S.W.2d 768, 770 (Tex.App.—Dallas 1991, orig. proceeding). Hence, the state court's order was a civil contempt order and subject to the automatic stay. It is noteworthy that no appeal was taken after the rehearing. *See In Re John W. Small* [No. 14-08-01075-CV] (Tex.Civ.—14th Dist. 2009). Thus, the appellants are precluded from relitigating the determination made by the state appellate court that the state court's order was a civil contempt proceeding. The appellants' points of error numbers one (1), two (2), and ten (10) are overruled.

In like manner, the appellants' points of error assigned as numbers six (6) and seven (7) are overruled. The appellants re-argue here the evidence presented to the Bankruptcy Court which has the duty to discern the credibility of witnesses and the weight to be accorded their testimony. There, the appellants moved for relief from the automatic stay in the appellee's bankruptcy case. The Memorandum Opinion issued after the hearing reflects that the order partially lifting the automatic stay was agreed to by the appellants. Therefore, the appellants were fully aware that the stay remained in effect, except with regard to the four (4) areas identified by the Bankruptcy Court. Yet, the record reflects that the appellants misled and persuaded the state court to the contrary. This finding of fact and conclusion by the Bankruptcy Court is supported by the state court documents and the testimony of the appellants. Therefore, these points of error are frivolous and are overruled.

The appellants next assert that the appellee committed a fraud on the Bankruptcy Court when he "played" the Bankruptcy Court against the state court as it relates to the ownership status of the Gingerbread House real property. Perhaps the appellants have

7

forgotten, it was the state court's judgment that settled the property ownership issues relating to the community real estate and the personal property. However, it was the conduct of McMaster, regarding certain personal property after being ordered from the Gingerbread House by the state court, that triggered appellee's adversary proceeding.

Nothing new is presented by the appellants that contradicts the facts found by the state court such that the Bankruptcy Court findings are clearly erroneous. *See Matter of McDaniel*, 70 F.3d at 842-43. Therefore, the appellee, who incurred the expenses of litigating the mandamus had the right to seek recovery of his attorneys fees and expenses. The appellants' assigned error, numbers three (3) and four (4), are overruled.

In point of error five (5), the appellants argue essentially that McMaster is actually innocent in that she simply removed the personal property from the Gingerbread House for safekeeping. This argument borders on contempt, if not theft, suggesting that "merely" because she and the appellee were adverse, she could take matters into her own hands. This is simply a confession of wrong-doing. It is overruled.

Finally, the appellants argue that the Bankruptcy Court committed error by entering a money judgment for attorneys fees against them and, of all things, a judgment that is based on a miscarriage of justice, citing to *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714-18 (5th Cir. 1974) as the standard for assessing an attorney's fee. The Court is of the opinion that the test for the reasonableness of attorney's fee, set forth in *Johnson*, does not apply to a party seeking recovery of attorney's fees and costs incurred due to frivolous litigation. Here, a non-attorney party is seeking to recover the expenses of litigation due to the fraudulent conduct of the opposing party and her attorney. Hence,

the appellee's claim is unlike an attorney who might seek to recover a fee for services necessary and rendered.

The testimony shows that the appellants reviewed the appellee's invoice for his legal fees that he incurred, determined that they were authentic, but did not object based on unreasonableness or lack of authenticity. Therefore, the appellee's invoices were admitted into evidence. The appellants cannot now be heard to argue against evidence that they failed to object to, particularly since recovery of attorney's fees and costs expended were at the heart of the appellee's case for damages. The appellants' point of error is, therefore, overruled.

Based on the foregoing discussion, the Court finds no error that dictates a reversal. It is therefore ORDERED that the Judgment of the Bankruptcy Court is in all things AFFIRMED.

SIGNED at Houston, Texas this 30th day of June, 2011.

_____
Kenneth M. Hoyt
United States District Judge